it viewed as related to its enhancement determination. J.A. 79–80. In so concluding, we do not suggest that the district court should reach results different from its pre-appeal rulings on enhancement and fees.

The task on remand is limited in an important respect. There is no basis for a new trial on "willful misconduct," which is a sufficient predicate, under *Halo*, to allow the district court to exercise its discretion to decide whether punishment is warranted in the form of enhanced damages. *Halo*, 136 S.Ct. at 1934 ("such punishment should generally be reserved for egregious cases typified by willful misconduct"). On the record in this case, including the jury instructions, J.A. 5534, the predicate of willful misconduct is established by the jury's finding that MGA was subjectively willful under the second part of the *Seagate* standard. The jury made that finding under the clear-and-convincing-evidence standard, which is more demanding than needed. *See Halo*, 136 S.Ct. at 1934. The Supreme Court in *Halo* did not question our precedents on jury determination of that issue. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1340–41 (Fed. Cir. 2016). Nor did it doubt that a finding favorable to the patentee on the second part of the *Seagate* standard suffices to establish the subjectively willful misconduct that, when present, moves the enhancement inquiry to the stage at which the district court exercises its discretion. The remand in this case, therefore, is for the district court to exercise its discretion in accordance with *Halo*, including the emphasis on egregiousness; willful misconduct has already been established by a verdict that *Halo* does not warrant disturbing. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, Nos. 2013–1472, –1656, 831 Fed.Appx. 1369, 1381–82, 2016 WL 4151239 at *10 (Fed. Cir. Aug. 5, 2016).

CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed in part and vacated in part, and the case is remanded for proceedings consistent with this opinion.

No costs.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**

**IN RE: BIG BABOON, INC., Appellant**

**2016–1019**

United States Court of Appeals, Federal Circuit.

August 5, 2016

FREDERICK A. LORIG, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, CA, argued for appellant. Also represented by BRUCE R. ZISSER.

COKE MORGAN STEWART, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Michelle K. Lee. Also represented by THOMAS W. KRAUSE, KAKOLI CAPRIHAN.

Per Curiam (Prost, Chief Judge, Wallach and Hughes, Circuit Judges).

## JUDGMENT

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

ENTERED BY ORDER OF THE COURT

## JUDGMENT

Per Curiam (Prost, Chief Judge, Wallach and Hughes, Circuit Judges).

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

### BIG BABOON, INC., Plaintiff–Appellant

v.

### Michelle K. LEE, Director, U.S. Patent and Trademark Office, United States Patent and Trademark Office, Defendants–Appellees

#### 2016–1232

United States Court of Appeals, Federal Circuit.

August 5, 2016

### MANNATECH, INC., Plaintiff–Appellee

v.

### WELLNESS QUEST, LLC, Harley Reginald McDaniel, Defendants–Appellants

#### 2016–1295

United States Court of Appeals, Federal Circuit.

August 5, 2016

LANCE DONALD REICH, Han Santos Reich PLLC, Seattle, WA, argued for plaintiff-appellant.

MEGAN BARBERO, Appellate Staff, Civil Division, United States Department of Justice, Washington DC, argued for defendants-appellees. Also represented by BENJAMIN C. MIZER, ANNETTE L. HAYES, MARK R. FREEMAN; KAKOLI CAPRIHAN, THOMAS W. KRAUSE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

ERIC WOLF PINKER, Lynn Pinker Cox & Hurst LLP, Dallas, TX, argued for plaintiff-appellee. Also represented by JARED DANIEL EISENBERG, MARK EDWARD TURK.

NICOLE W. STAFFORD, Wilson, Sonsini, Goodrich & Rosati, PC, Austin, TX, argued for defendants-appellants. Also represented by ADEN M. ALLEN, OLIN RAY HEBERT, III; THEODORE G. BAROODY, Carstens & Cahoon, L.L.P., Dallas, TX.